**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SSA MARINE; HOMEPORT
INSURANCE CO.,

                  Petitioners,

    v.

JAMES M. LOPEZ; EAGLE MARINE
SERVICES; MAERSK PACIFIC
LIMITED; SIGNAL MUTUAL
INDEMNITY ASSOCIATION, LTD.;
OFFICE OF WORKERS'
COMPENSATION PROGRAM;
ILWU-PMA WELFARE PLAN,

                  Respondents.

No. 08-72267

OWCP Nos.: 07-277; 05-0160;
05-0160S; 18-079385; 18-079501;
18-079821; 18-081112

MEMORANDUM[*]

Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted October 9, 2009
Pasadena, California

Before:     W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON,[**]

---

    [*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**] Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

Senior District Judge.

Respondent James Lopez ("Lopez") filed four claims for compensation under the Workers' Compensation Program, U.S. Department of Labor, alleging industrial injuries to the bilateral shoulders, knees, and elbows. The four claims were consolidated and a hearing was held before the Administrative Law Judge ("ALJ"). The ALJ found that: (1) SSA was the "last responsible employer"; (2) Lopez had provided timely notice under § 12(a) of the Longshore and Harbor Workers' Compensation Act ("LHWCA") or, alternatively, if notice was untimely, SSA had suffered no prejudice and the untimeliness was excused under § 12(d) of the LHWCA; and (3) SSA was liable for compensation for temporary total disability from and after April 9, 2003, and all outstanding medical bills related to Lopez's disability. The ALJ also granted the request of counsel for Lopez for attorney's fees. SSA appealed both decisions to the Benefits Review Board ("BRB").

On appeal, the BRB consolidated the two appeals and upheld the determinations that SSA was the last responsible employer, that Lopez's claim was timely filed, and that the award of attorney's fees was correct. The BRB vacated the award of medical benefits and remanded for further consideration of whether the first report of the treating physician was timely filed under 33 U.S.C. § 907(d)

(§ 7(d) of the LHWCA) and the extent of the medical expenses for which SSA was liable.

On remand, the parties settled their differences on the remanded issues and the ALJ entered his Decision and Order on Remand in accordance with the stipulation of the parties. SSA did not appeal this decision of the ALJ to the BRB, but timely filed its petition for review in this Court.

The rest of the facts of this case are well known to the parties and, therefore, will not be restated here.

The ALJ had jurisdiction under 33 U.S.C. § 919(d) and the BRB had jurisdiction under 33 U.S.C. § 921(b)(3). We have jurisdiction under 33 U.S.C. § 921(c).[1]

On appeal, SSA contends that the BRB erred in affirming: (1) the ALJ's award of pre-controversion attorney fees against SSA; (2) the ALJ's finding that SSA was the last responsible employer; and (3) the ALJ's finding that Lopez's

---

[1] We have considered and find unpersuasive the arguments of Respondents that this Court lacks jurisdiction. None of the issues before this court are affected by the ALJ's decision on remand, and the BRB would have had no basis for altering its first decision if Petitioners had appealed the ALJ's second decision to the BRB. *See Nat'l Steel & Shipbuilding Co. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor (McGregor II)*, 703 F.2d 417, 418-19 (9th Cir. 1983).

notice of injury was timely and that, even if notice were untimely, SSA was not

prejudiced by Lopez's failure to provide timely notice.

> The decision of the BRB is reviewed for substantial evidence and errors of law. The ALJ's findings of fact must be accepted by the BRB unless they are contrary to law, irrational, or unsupported by substantial evidence. An appellate court must conduct an independent review of the administrative record to determine whether the BRB adhered to this standard of review. A decision by the BRB is supported by substantial evidence if there exists such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. No special deference is accorded to the BRB's interpretation of the LHWCA, but reasonable interpretations are respected.

*Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1045-46

(9th Cir. 2009) (internal quotation marks and citations omitted).

SSA conceded in its reply brief that the attorney's fees awarded did not

include any attorney's fees for pre-controversion services. Accordingly, as there is

no present controversy as to which effective relief may be granted, the issue is

rendered moot. *See Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d

545, 559 (9th Cir. 2009); *see also Dyer v. Cenex Harvest States Coop.*, 563 F.3d

1044 (9th Cir. 2009).

Applying *Metropolitan Stevedore Co. v. Crescent Wharf and Warehouse Co.

(Price)*, 339 F.3d 1102, 1104-05 (9th Cir. 2003), the ALJ found that Lopez's

activities during the time he was employed by SSA contributed to and aggravated

Lopez's orthopedic condition sufficiently that SSA was the "last responsible

4

employer." The BRB found that there was credible evidence to support the ALJ's decision and affirmed.

The ALJ also found that Lopez did not become aware of the relationship between his disability and the work performed for SSA until the day he filed his claim. *See* 33 U.S.C. § 912(a). The BRB found that the determination by the ALJ was supported by substantial evidence and affirmed. The BRB also affirmed the alternative finding that, even if the claim were filed untimely, SSA had not shown any prejudice. *See* 33 U.S.C. § 912(d).

We have reviewed the record and find that the BRB committed no errors of law, gave appropriate deference to the findings of the ALJ, and the findings were supported by substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Van Skike*, 557 F.3d at 1046. The petition for review is

DENIED.